IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN FAULK, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SEARS, ROEBUCK AND CO.,<br><br>　　　　　Defendant.<br>　　　　　　　　　　　　　　　　　　　／ | No. C 11-2159 SI<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** |

Defendant's motion to dismiss the first amended complaint is scheduled for a hearing on November 18, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES the motion.

**BACKGROUND**

On May 2, 2011, plaintiff Kevin Faulk filed this putative class action against Sears, Roebuck and Company. The first amended complaint ("FAC") alleges that Sears has violated federal and California law in its administration of the Limited Tire Warranty applicable to tires sold online and in Sears' retail outlets and auto centers, and in its marketing and selling of the Road Hazard Plus extended service agreement applicable to those tires. Specifically, the FAC alleges that "Sears has a policy of denying responsibility under both its express warranty and Road Hazard Plus Agreement to any customer who cannot prove that he or she has had their tires rotated at specific intervals and has had a

wheel alignment at least once per year. None of the written documents provided to the customers specifies that the customer must rotate their tires at specific intervals, perform a wheel alignment, or be able to prove either as a condition precedent to coverage under either the express warranty or the Road Hazard Plus service agreement." FAC ¶ 12.

The FAC alleges that on or about April 23, 2009, Faulk purchased three Falken brand tires, and the Road Hazard Plus warranty for each of the three tires, from a Sears Auto store in San Jose, California. *Id.* ¶ 7. The tires were accompanied by a Limited Tire Warranty that covers tires that become "unserviceable due to a defect in materials or workmanship" during the warranty period. *Id* ¶ 8. The Road Hazard Plus warranty purchased by plaintiff covers, among other things, tires that become "unserviceable due to normal wear and tear, including Road Hazards, experienced under ordinary driving conditions." *Id.* ¶ 9.

The FAC alleges that on December 25, 2010, one of the tires that Faulk purchased from Sears blew out while Faulk was driving the vehicle in Oregon. *Id.* ¶ 14. On December 26, 2010, Faulk took the vehicle to a Sears Auto Center in Portland, Oregon, where he was informed that the three Falken tires he had purchased needed to be replaced due to wear. *Id.* The complaint alleges, "Named Plaintiff requested that Defendant honor both its Limited Tire Warranty and Road Hazard Plus Warranty but Defendant refused, informing Named Plaintiff that the warranties would be honored only if Named Plaintiff could demonstrate that a wheel alignment had been performed at least once a year and that the tires had been rotated at intervals of no more than every 6,000 miles since the dates of their purchase. No other reason was given for Sears' refusal to honor the warranties." *Id.* The FAC alleges that prior to December 26, 2010, Faulk "was unaware of Defendant's policy of denying responsibility under both its express warranty and its Road Hazard Plus Agreement to any customer who cannot prove that he or she has had their tires rotated at specific intervals and has had a wheel alignment at least once a year." *Id.* ¶ 15. According to the complaint, because plaintiff was "[s]tranded far from home and left with no other choice, Named Plaintiff purchased two new tires from the Sears Auto Center in Portland to replace two of the tires purchased in April 2009. *Id.* ¶ 16.

On or about January 21, 2011, Faulk went to the Sears located on Tully Road in San Jose to have an alignment performed. *Id.* ¶ 17. The FAC alleges that Sears personnel refused to perform an

alignment unless the final tire from the April 23, 2009 sale was also replaced. *Id*. "Sears again refused to provide warranty coverage for this tire, giving the same, and sole, reason as given by the Portland store: Sears would not give any warranty refund and/or credit unless the owner could show that the tires had been rotated every 6,000 miles and aligned at least once per year." *Id*. The complaint alleges that Faulk "has sustained damages as a direct result of Sears' failure to honor its warranty as written, and its failure to specify the terms of its warranty and Road Hazard Plus coverage." *Id*. ¶ 18.

The FAC alleges claims under the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 *et seq.*, the Magnuson-Moss Warranty Act, 15 U.S.C. § 2302, California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*, and California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). While courts do not require "heightened fact pleading of specifics," a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965. Plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The

Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**I.    Standing**

Defendant contends that plaintiff has not alleged facts sufficient to show that he was actually injured, and thus that plaintiff lacks standing. According to defendant, plaintiff must allege facts showing that he was entitled to coverage under the Limited Tire Warranty and Road Hazard Plus Agreement, and that plaintiff has failed to do so. Defendant argues that plaintiff is required to allege "(1) that his tires were defective, (2) that his tires were within the treadlife required under the Limited Warranty and Road Hazard Plus, (3) that the purported excess wear to Faulk's tires had an identified cause, (4) that Faulk's alleged tire blow-out was caused by a road hazard, (5) that Faulk complied with the necessary maintenance requirements listed in the Limited Warranty, Road Hazard Plus or the Tire Care Recommendations, and (6) that the various exclusions of the Limited Warranty and Road Hazard Plus were inapplicable." Reply at 3:7-15.

In response, plaintiff argues that defendant has improperly recast this case as a "breach of warranty" case, when in fact plaintiff alleges that Sears violated the law by failing to provide the necessary terms and conditions of both the Limited Warranty and Road Hazard Plus Agreement at the point of sale, and by imposing extrinsic conditions upon purchasers who make a claim thereunder.

The Court concludes that plaintiff has alleged that he was injured as a result of defendant's violation of the relevant statutes. The complaint alleges that defendant violated federal and state law by failing to make the terms and conditions of the Limited Tire Warranty and the Road Hazard Plus Agreement, including its requirements for periodic rotation and alignment of tires, available to plaintiff at the time of sale. The complaint further alleges that plaintiff was injured by this violation because Sears refused to provide service under the Limited Tire Warranty and the Road Hazard Plus Agreement solely on the basis that plaintiff could not demonstrate compliance with the allegedly undisclosed terms

4

and conditions. *See* FAC ¶ 14. Thus, plaintiff has alleged that his damages were proximately caused by defendant's violation of the law.

*McGarvey v. Penske Automotive Group, Inc.*, 639 F. Supp. 2d 450 (D.N.J. 2009), cited by defendant, does not hold otherwise. In *McGarvey*, the plaintiffs alleged that they purchased products with limited warranties, and that the terms of the limited warranties violated the anti-tying provision of the Magnuson-Moss Warranty Act ("MMWA"). None of the plaintiffs had attempted to use the warranties at issue, and thus the complaint did not allege that any of the plaintiffs were actually injured by the alleged violation of the MMWA. The court dismissed the plaintiffs' claims, holding that "a plaintiff 'is required to show that he has sustained actual damage, proximately caused by the defendant's failure to comply . . . with the MMWA,' in order to state an actionable MMWA claim." *Id*. at 456 (quoting *Atchole v. Silver Spring Imports, Inc.*, 379 F. Supp. 2d 797, 802 (D. Md. 2005) (internal brackets and emphasis deleted)). The *McGarvey* court noted that a plaintiff could allege either a violation of the substantive provisions of the MMWA or a breach of warranty claim under the MMWA, but that a plaintiff must allege actual damage to bring either type of claim. *Id*. at 456 & n.6. Here, plaintiff alleges violations of the substantive provisions of the MMWA and other statutes, and that he was actually damaged by those violations.[1]

## II. Failure to state a claim

### A. Song-Beverly and MMWA

Defendant contends that plaintiff has failed to state a claim under the Song-Beverly Consumer Warranty Act and the MMWA because Sears fully set forth the terms and conditions of the Limited Tire Warranty and Road Hazard Plus at the time of plaintiff's purchase. Defendant recognizes that plaintiff alleges that Sears violated the law by failing to specify as terms of the Limited Tire Warranty and Road Hazard Plus the requirements that wheel alignment be performed annually and that tire rotation occur on a 6,000 mile basis. However, defendant contends that these terms were disclosed by the following:

---

[1] Defendant also asserts that the proposed class definition is "wildly overbroad" because it includes consumers who were not damaged. Whether a class will be certified, and whether the class definition is overbroad, are questions to be addressed in connection with a motion for class certification.

5

1 (1) the Limited Tire Warranty states that coverage is excluded for, *inter alia*, "tire damage or wear
2 caused by . . . [i]mproper maintenance" or "wheel misalignment," FAC Ex. 2; (2) the Road Hazard Plus
3 excludes coverage for, *inter alia*, the consumer's "failure to ensure proper mounting, balancing, inflation
4 and other preventative maintenance," *Id*. Ex. 3; and (3) the Road Hazard Plus expressly obligates tire
5 owners to, *inter alia*, "ensure that your tire and wheel assemblies are in balance . . . [and] that your
6 vehicle is properly aligned in accordance with the vehicle manufacturer's specifications." *Id*.
7 Defendant argues that the Limited Tire Warranty and Road Hazard Plus "expressly condition coverage
8 on proper maintenance by the consumer, and it is both impossible as a practical matter and unnecessary
9 under Song-Beverly for Sears to provide an exhaustive catalogue as to procedures constituting proper
10 tire maintenance." Motion at 19:14-18.

11 Plaintiff responds that both the Song-Beverly Act and the MMWA require full and conspicuous
12 disclosure of the terms of warranties and service contracts, and that Song-Beverly additionally requires
13 disclosure of a buyer's obligations to perform preventative maintenance. Plaintiff contends that he has
14 stated a claim under both statutes because the complaint alleges that none of the written documents
15 provided to customers specifies that the customer must rotate their tires at specific intervals, perform
16 wheel alignment, or be able to prove either as a condition precedent to coverage under either the Limited
17 Tire Warranty or the Road Hazard Plus. *See* FAC ¶¶ 12, 37, and 41.

18 The Court finds that plaintiff has stated a claim under both statutes, and that the question of
19 whether defendant's disclosures were sufficiently full and conspicuous is a factual matter that cannot
20 be decided at this stage of the litigation. Defendant's reliance on *Testan v. Carlsen Motor Cars, Inc.*,
21 2002 WL 234737 (Cal. Ct. App. 2002), is both improper under Cal. Rule of Court 8.1115 because
22 *Testan* is an unpublished decision, and also misplaced, as *Testan* was decided on summary judgment.
23 *See id*. at *6 (affirming summary judgment in favor of defendants and finding that the warranty at issue
24 "is not unfair nor is it likely to deceive consumers.").

25
26 **B.    CLRA**
27 California's Consumer Legal Remedies Act ("CLRA") prohibits various "unfair methods of
28 competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended

6

1  to result or which results in the sale or lease of goods or services to any consumer . . . ." Cal. Civ. Code
2  § 1770(a). Defendant contends that plaintiff's CLRA claim is not pled with particularity as required by
3  Rule 9(b), and also that the complaint does not allege facts showing any unfair or deceptive acts by
4  Sears.

5  The Court disagrees and finds that plaintiff has stated a claim under the CLRA. Assuming
6  *arguendo* that Rule 9(b) applies to plaintiff's CLRA claim,[2] the complaint alleges that Sears failed to
7  provide all the terms and conditions at the point of sale. The complaint alleges the date and store at
8  which that plaintiff purchased the tires, as well as the dates and stores at which plaintiff requested that
9  Sears honor its warranties and Sears refused coverage unless plaintiff could demonstrate compliance
10 with allegedly undisclosed requirements. "These allegations are specific enough to give defendants
11 notice of the particular misconduct . . . so they can defend against the charge and not just deny that they
12 have done anything wrong." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)
13 (internal citation and quotations omitted).

**C.  UCL**

The UCL prohibits "unlawful, unfair or deceptive business practices." Cal. Bus. & Prof. Code
§ 17200. Defendant contends that plaintiff's UCL claim must be dismissed because it is not pled with
particularity. However, plaintiff's § 17200 claim is brought under the unlawful and unfair prongs, *see*
FAC ¶¶ 45-46, and thus Rule 9(b) does not apply to this claim. *See Marolda v. Symantec Corp.*, 672
F. Supp. 2d 992, 1004 (N.D. Cal. 2009) (The first two allegations [under the UCL] do not involve fraud,
and need only be pleaded under the requirements of Rule 8(a).").

Defendant also argues that plaintiff has failed to state a claim under the UCL because
defendant's actions were not unlawful or unfair. Defendant's arguments in this regard are identical to
those advanced against plaintiff's other claims, and for the same reasons, the Court rejects them and
finds that plaintiff has stated a claim under the UCL.

---

[2] The Ninth Circuit has held that fraud is not an element of a CLRA claim, and that Rule 9(b) only applies to CLRA claims that are grounded in fraud. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

7

## CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to dismiss the first amended complaint.  Docket Nos. 20 & 23.

**IT IS SO ORDERED.**

Dated: November 14, 2011

SUSAN ILLSTON
United States District Judge