T. John Kirk (Indiana Bar 27202-29)
   (*Pro Hac Vice*)
**MADDOX HARGETT & CARUSO, P.C**
10100 Lantern Road, Suite 150
Fishers, IN 46037
Telephone: (317) 598-2040
Facsimile: (317) 598-2050
tkcaldwell@mhclaw.com
kirktjohn@mhclaw.com

Mark C. Dosker (CA Bar No. 114789)
**SQUIRE SANDERS (US) LLP**
275 Battery Street, Suite 2600
San Francisco, CA 94111
Telephone: (415) 954-0210
Facsimile:  (415) 393-9887
mark.dosker@squiresanders.com

Additional counsel listed below

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **KEVIN FAULK,** on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**SEARS, ROEBUCK AND CO.,**<br><br>Defendant. | Case Number: 3:11-CV-02159-SI<br><br>**STIPULATED PROTECTIVE ORDER RE:  CONFIDENTIALITY** |

**1.     PURPOSES AND LIMITATIONS**

WHEREAS, disclosure and discovery activity in this action may result in production of information of a confidential, proprietary, trade secret, or private nature, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted; and

WHEREAS, this Stipulated Protective Order re: Confidentiality (the "Protective Order" or "Order") does not confer blanket protections on all disclosures or responses to discovery and protects only the limited categories of information or items that are entitled under the applicable legal principles to treatments as confidential; and

WHEREAS, this Protective Order creates no entitlement to file confidential information under seal, and incorporates and applies the standards and procedures of Civil Local Rule 79-5 and General Order 62 that will be applied when a party seeks permission from the Court to file material under seal;

Accordingly, IT IS HEREBY STIPULATED by and between the parties, subject to Court approval, that the following Protective Order shall be issued in this action.

**2. DEFINITIONS**

2.1 "Party" shall mean any party to this action, including all of its officers, directors, employees, consultants, retained experts, and counsel.

2.2 "Disclosure or Discovery Material" shall mean all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential Information or Items" shall mean information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

2.4 "Highly Confidential – Attorneys' Eyes Only Information or Items" shall mean: (a) Confidential Information that individually identifies any person and discloses material of a personal or private nature; (b) Confidential Information that individually identifies any customer, supplier, prospective customer or prospective supplier; (c) Confidential Information containing trade secrets or proprietary information as defined under California law, including but not limited to Confidential Information that reveals current or future business plans, forecasts, and competitive strategies or non-public financial information that appropriately warrants a heightened degree of confidentiality

1 protection; or (d) such other categories of Confidential Information or Items as the parties may
2 mutually agree upon or which, absent such agreement, the Court may include herein upon a motion
3 showing the information or items constitute extremely sensitive Confidential Information or Items
4 whose disclosure to a person or entity other than Counsel would create a substantial risk of serious
5 harm that could not be avoided by less restrictive means.

6       2.5     "Receiving Party" shall mean a Party that receives Disclosure or Discovery Material
7 from a Producing Party.

8       2.6     "Producing Party" shall mean a Party or non-party that produces Disclosure or
9 Discovery material in this action.

10       2.7     "Designating Party" shall mean a Party or non-party that designates information or
11 items that it produces in disclosures or in response to discovery as "Confidential" or "Highly
12 Confidential – Attorneys' Eyes Only."

13       2.8     "Protected Material" shall mean any Disclosure or Discovery Material that is
14 designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

15       2.9     "Outside Counsel" shall mean attorneys who are not employees of a party but who
16 are retained to represent or advise a party in this action.

17       2.10    "House Counsel" shall mean attorneys who are employees of a party.

18       2.11    "Counsel" (without qualifier) shall mean Outside Counsel and House Counsel as
19 well as their staff providing services concerning this action.

20       2.12    "Expert" shall mean persons not regularly employed by Counsel but who are
21 employed or expressly retained by the parties or their Counsel, whether paid or not, to assist in the
22 preparation of this action for trial, including, but not limited to, accountants, economists,
23 statisticians and other types of experts.

24       2.13    "Professional Vendors" shall mean persons or entities that provide litigation support
25 services (*e.g.*, videotaping, translating, preparing exhibits or demonstrations, organizing, storing,
26 retrieving data in any form or medium, etc.) and their employees and subcontractors providing
27 services concerning this action.

28

## 3. SCOPE

3.1 The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof; plus testimony, conversations or presentations by parties or counsel to or in Court or in other settings that publicly reveal Protected Material.

## 4. DURATION

4.1 Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. After the termination of this action, the Court shall retain jurisdiction to issue any further orders that may be required to preserve the confidentiality of any Protected Material.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must exercise reasonable and appropriate care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must exercise reasonable and appropriate care to designate for protection only those specific portions of material, documents, items, or oral or written communications that qualify for protection, and to ensure that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of the designation. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, unnecessarily to encumber or retard the case development process, or to impose unnecessary expenses and burdens on another Party or Parties), expose the Designating Party to sanctions. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the erroneous designation.

5.2     Manner and Timing of Designation.  Except as otherwise provided in this Order (*see, e.g.*, ¶5.2(a), second paragraph below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)     For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only" at the bottom of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion the level of protection being asserted (either "Confidential" or "Highly Confidential" – Attorneys' Eyes Only").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the Receiving Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential – Attorneys' Eyes Only."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order; and before producing the specified documents the Producing Party must affix the appropriate designation ("Confidential" or "Highly Confidential – Attorneys' Eyes Only") at the bottom of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.,* by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "Confidential" or "Highly Confidential – Attorneys' Eyes Only").

(b)     For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party shall identify the protected testimony on the record, before the close of the deposition, hearing, or other proceeding, and shall further specify any portions of the testimony that qualify as either "Confidential" or "Highly Confidential – Attorneys' Eyes Only."  When it is

impractical separately to identify each portion of the testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty (20) days after the transcript volume containing the testimony to be designated is produced to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the twenty (20) days shall be covered by the provisions of this Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as instructed by the Designating Party.

(c) For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix the designation "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in a prominent place on the exterior of the container or containers in which such information or item is stored. If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3   <u>Inadvertent Disclosure</u>.   In the event that any privileged attorney-client communication or attorney work product documents or things are inadvertently produced for inspection and/or provided, the Designating Party shall identify such documents or things promptly after discovering that the privileged materials were inadvertently produced for inspection and/or provided, and either: (a) copies shall not be provided; or (b) if copies have already been provided, all copies in the Receiving Party's possession shall be promptly returned (and not relied upon) by the Receiving Party. Nothing in this paragraph shall prevent the Receiving Party from contending that the identified materials are not privileged, that the materials were not inadvertently produced, or that privilege was waived for reasons other than inadvertent production of the material.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to assert a challenge promptly after the original designation is disclosed.

6.2     <u>The Challenge Process</u>.  A Party that challenges a Designating Party's confidentiality designation must do so in good faith, and must notify the Designating Party in writing that the challenging party believes that the designated document or information does not qualify for Confidential or "Highly Confidential – Attorneys' Eyes Only" treatment under applicable law.  The parties shall attempt to resolve such challenges informally.  In the event such an attempt is unsuccessful, either the Designating Party or the challenging Party may, within thirty (30) days after such written notification, move the Court for an order removing or confirming such designation.  The materials shall retain their original designation until such time as the Court rules on the Designating Party's motion.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Nothing in this Order shall be construed to limit or prohibit the use of information that falls under the ambit of this Order at the trial of this case.  If a Party anticipates that it may disclose at any hearing or at trial any information designated pursuant to this Order, it shall give two (2) full court days' notice to the Court and to all other parties of such anticipated disclosure, specifying whether the information to be disclosed is designated as Confidential or Highly Confidential – Attorneys' Eyes Only, unless it demonstrates specific exigent circumstances that the Court finds sufficient to justify providing shorter notice.  This notice may identify the documents by the identification numbers assigned them at document production or by transcript page and line number.  When such notice has been given, only those persons authorized

by this Order to receive that class of Protected Material may be present at the hearing, or at that portion of the hearing or trial during which the disclosure of the Protected Material occurs, except as otherwise ordered by the Court upon motion of a Party or the person seeking to be present. The requirement of advance notice shall not apply to a disclosure of Protected Material in rebuttal or in response to another Party's oral argument when the need for such disclosure could not reasonably be anticipated in advance of the hearing or trial, or for good cause shown to the Court. Before disclosing in rebuttal or in argument any information designated as Confidential or Highly Confidential – Attorneys' Eyes Only, Counsel shall, when possible, inform the Court and opposing counsel of his or her intention to do so and of the designation of the information to be disclosed. Counsel shall then request that persons not authorized by this Order to receive that class of Protected Material be excluded from the courtroom during disclosure.

Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of ¶11.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "Confidential" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated Confidential only to:

(a)     The named Parties in this action;

(b)     The Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the Acknowledgement and Agreement to Be Bound by Protective Order re: Confidentiality (hereinafter, the "Acknowledgement and Agreement") that is attached hereto as Exhibit A;

(c)     The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement" (Exhibit A);

      (d)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement" (Exhibit A);

      (e)    Investigators of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement" (Exhibit A);

      (f)    The Court and its personnel;

      (g)    Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement" (Exhibit A);

      (h)    Prospective witnesses, including parties, in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

      (i)    The author of the document or the original source of the information; and

All Acknowledgement and Agreements shall be retained by Counsel, and, upon good cause shown, may be ordered by the Court to be disclosed to the other Parties' Counsel.

At all times during and subsequent to this action, Counsel shall also be responsible for ensuring that said Confidential Information or Items does not leave their respective custody, except for disclosure to qualified persons during this action. Failure to do so shall be grounds for imposition of sanctions at the discretion of the Court, without limitation on any other rights of persons or entities affected.

7.3    <u>Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may only disclose information or items designated "Highly Confidential – Attorneys' Eyes Only" to the following, and shall not disclose any information or item so designated to any Party or management of a corporate Party unless otherwise agreed or ordered:

9

(a) The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel (including the paralegal, clerical, and secretarial staff employed by such Counsel) to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgement and Agreement" (Exhibit A);

(b) Experts to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement" (Exhibit A);

(c) Investigators to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement" (Exhibit A);

(d) The Court and its personnel;

(e) Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement" (Exhibit A);

(f) The author of the document or the original source of the information;

(g) Named Plaintiff Kevin Faulk after he has signed the "Acknowledgement and Agreement" (Exhibit A); and

(h) (1) The person or persons individually identified by the "Highly Confidential – Attorneys' Eyes Only" Information or Item, if that Information or Item has been designated "Highly Confidential – Attorneys' Eyes Only" pursuant to ¶2.4(a) on the ground that it constitutes a Confidential Information or Item that individually identifies an individual and discloses material of a personal or private nature; and (2) the person or persons who work or worked directly with an identified customer or supplier identified by the Highly Confidential – Attorneys' Eyes Only Information or Item, if that Information or Item has been designated "Highly Confidential – Attorneys' Eyes Only" pursuant to ¶2.4(b) on the ground that it constitutes a Confidential Information or Item that individually identifies any customer or supplier. The part of the "Highly Confidential – Attorneys' Eyes Only" Information or Item that may be disclosed to a person identified in ¶7.3(h)(1) is only that part of the Information or Item that pertains to such person and not any part of the Information or Item that pertains to other persons. The part of the "Highly Confidential – Attorneys' Eyes Only" Information or Item that may be disclosed to a person

identified in ¶7.3(h)(2) is only that part of the Information or Item that such person has or had routine access to during such person's work directly with such portion of the customer or supplier identified in that part of the Information or Item.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the Receiving Party must so notify the Designating Party in writing (by fax, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the person, entity, or party that caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the person, entity, or party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to attempt to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that it has disclosed Protected Material by inadvertence or otherwise to any person or in any circumstance not authorized by this Order, the Receiving Party shall immediately: a) notify in writing the Designating Party of the unauthorized disclosures; b) use its best efforts to retrieve all copies of the Protected Material; c) inform the person or persons to

whom unauthorized disclosures were made of all the terms of this Order; and d) request such person or persons to execute the "Acknowledgement and Agreement" (Exhibit A).

## 10. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62.

## 11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after notice of the final termination of this action, each Receiving Party must destroy all Protected Material or otherwise dispose of such material as the Court requires. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. The Receiving Party must submit a written statement to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, where appropriate) the Protected Material that was destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in ¶4, above.

After termination of this action, the Court shall retain jurisdiction to issue any further orders that may be required to preserve the confidentiality of any Confidential Information.

## 12. MISCELLANEOUS

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. If any Party seeks to modify any term of this Order

or for any other reason, the Party shall first meet and confer with all other Parties concerning the proposed modification. If the Parties cannot agree upon the proposed modification, the Party seeking the modification may move this Court to modify this Order, and shall have the burden of establishing that the proposed modification is appropriate.

12.2   <u>Right to Assert Other Objections</u>.  By stipulation to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   <u>Submission of the Order to the Court</u>.  This Order shall be submitted to the Court for its review and approval. The parties stipulate and agree that the terms and provisions of this Order shall be effective and specifically enforceable upon its execution by Counsel, and its effectiveness and enforceability shall not depend upon the Court's approval and entry of this Order, except that if the Court rejects this proposed stipulation or requires a modification of this proposed stipulation, this stipulation will be invalid to the extent of such rejection and will be modified in accordance with the Court's order.

12.4   <u>Separate Counterparts</u>.  The stipulation to this Order may be executed in separate counterparts by each of the parties hereto, and such executed counterparts shall be exchanged by facsimile or e-mail, but all such counterparts taken together shall form but one and the same Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: February 13, 2012                    SQUIRE SANDERS (US) LLP

By:        */s/ Mark C. Dosker*
                Mark C. Dosker
SQUIRE SANDERS (US) LLP
Mark C. Dosker (CA Bar No. 114789)
Julie E. Schwartz (CA Bar No. 260624)
275 Battery Street, Suite 2600
San Francisco, CA 94111
Telephone: (415) 954-0210
Facsimile:  (415) 393-9887
mark.dosker@squiresanders.com
julie.schwartz@squiresanders.com

| | |
|---|---|
| Dated: February 13, 2012 | SQUIRE SANDERS (US) LLP<br>Philip M. Oliss (*Pro Hac Vice*)<br>Bruce Khula (*Pro Hac Vice*)<br>4900 Key Tower<br>127 Public Square<br>Cleveland, OH 44114<br>Telephone:   (216) 479-8500<br>Facsimile:   (216) 479-8780<br>philip.oliss@squiresanders.com<br>bruce.khula@squiresanders.com<br><br>Attorneys for Defendant<br>SEARS, ROEBUCK AND CO. |
| Dated: February 13, 2012 | MADDOX HARGETT & CARUSO, P.C.<br><br>By:          */s/ T. John Kirk*<br>            T. John Kirk<br>MADDOX HARGETT & CARUSO, P.C.<br>Thomas K. Caldwell (Indiana Bar 16001-49)<br>   (*Pro Hac Vice*)<br>T. John Kirk (Indiana Bar 27202-29)<br>   (*Pro Hac Vice*)<br>10100 Lantern Road, Suite 150<br>Fishers, IN 46037<br>Telephone: (317) 598-2040<br>Facsimile: (317) 598-2050<br>tkcaldwell@mhclaw.com<br>kirktjohn@mhclaw.com<br><br>MADDOX HARGETT & CARUSO, P.C.<br>Barbara Quinn Smith (Ohio Bar 0055328)<br>(*Pro Hac Vice*)<br>9930 Johnnycake Ridge Road<br>Suite 3F<br>Mentor, OH 44060<br>Telephone: (440) 354-4010<br>Facsimile: (440) 848-8175<br>bqsmith@mhclaw.com |

1

Dated: February 13, 2012

Robert G. Padrick (SBN 103971)
LAW OFFICES OF ROBERT G. PADRICK, A PLC
961 Woodside Road, Suite B
Redwood City, CA 94061
Telephone: (650) 268-9750
Facsimile: (650) 268-9750
rgpadrick@padricklaw.com

Attorneys for Plaintiff
KEVIN FAULK

## **ORDER**

Pursuant to Stipulation, **IT IS SO ORDERED.**

Dated: ___2/14/12_____       _____
                                   United States District Judge

15
STIPULATED PROTECTIVE ORDER RE CONFIDENTIALITY
CASE NO. 3:11-CV-02159-SI

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER RE: CONFIDENTIALITY

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order Re: Confidentiality (the "Protective Order") that was entered by the United States District Court for the Northern District of California on [Date] _____, 2012, in the case of *Kevin Faulk v. Sears, Roebuck and Co.,* Case No. 3:11-CV-02159-SI.  I agree to comply with and to be bound by all the terms of this Protective Order.  I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt of court.  I promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed Name:_____

Signature:_____