**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **KEVIN FAULK,** | Case No.: 11-CV-02159 YGR |
| **Plaintiff,** | **ORDER DENYING MOTION OF PLAINTIFF FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |
| vs. | |
| **SEARS ROEBUCK AND CO.,** | |
| **Defendant.** | |

Plaintiff Kevin Faulk has filed a Motion for Leave to File a Motion for Reconsideration, or in the Alternative, a Motion for Leave to File a Motion to Alter or Amend the Order Denying Plaintiff's Motion for Class Certification.[1] Having carefully considered the motion, the Court's Order, for the reasons set forth below, the Court hereby **DENIES** the Motion.

---

[1] Local Rule 7-9 provides that a party requesting leave to file a motion for reconsideration must specifically show:

    (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

    (2) The emergence of new material facts or a change of law occurring after the time of such order; or

    (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L. R. 7-9. As best the Court can tell, Plaintiff's motion relies upon the third ground: "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court."

1   Plaintiff bases his motion on footnote 11 in the Court's Order, which Plaintiff believes fails
2   to address the measure of damages available under the California Song-Beverly Act and California
3   Unfair Competition Law ("UCL"):

> Plaintiff seeks reconsideration of the opinion on two grounds. First, Named Plaintiff identified the injury and measure of damages available under Song Beverly as the purchase price of the plan, citing *Sanbrook v. Office Depot*, 2009 U.S. Dist. LEXIS 30857 (N.D. Ca. 2009). Second, omitted from the opinion's discussion (in FN 11 cited above) of the damages sought by Plaintiff was section (c) of the Prayer for Relief, in which Plaintiff requested "an order awarding restitution and disgorgement of all charges paid by Plaintiff and the Class Members and/or ill-gotten gains realized by Sears as a direct result of Sears' unlawful, unfair and/or fraudulent business practices complained of herein." … Plaintiff will explain why this type of relief makes his claim under the UCL's unlawful prong amenable to certification. Because the decision neither considers the injury and types of damages available under these two claims nor whether those issues can be tried on a common basis, Plaintiff respectfully seeks reconsideration of the decision.

(Motion at 3-4.)

As to the first ground, Plaintiff's Motion for Class Certification did not identify the damages suffered by purchasers of tires and tire warranties from Sears as "the purchase price of the plan" or in support, cite to *Sanbrook v. Office Depot*, 07-CV-05938, Dkt. No. 131 at 8 (N.D. Cal. Mar. 30, 2009). Rather, in his Reply brief, Plaintiff quoted a passage from *Sanbrook* in which Judge Whyte identified "the purchase price of [Office Depot's Performance Protection] Plan" as the injury suffered by each class member in *Sanbrook*. If the Court did not consider certain facts or arguments, it was because Plaintiff did not present those facts or arguments to the Court. That is not a basis for the Court to grant leave to file a motion for reconsideration.

As to the second ground, it appears that Plaintiff seeks leave to present an argument that was previously available but not advanced in his earlier motion by arguing, albeit mistakenly, that the Court failed to consider facts alleged in his complaint with respect to the remedies sought under the UCL. Curiously, Plaintiff cites to the Court's discussion of Plaintiff's Song-Beverly Act claim to make this argument. The Court's discussion of his UCL claim specifically addressed the remedies sought under the UCL: "[t]he damages Faulk seeks under the UCL include 'an order awarding restitution and disgorgement…'" (Dkt. No. 91 at 16 n.15.)

2

Accordingly, with respect to the pending motion, Plaintiff has failed to present a basis for the Court to permit him to file a motion for the Court to reconsider this issue. Plaintiff's Motion for Leave to File a Motion for Reconsideration, or in the Alternative, a Motion for Leave to File a Motion to Alter or Amend the Order Denying Plaintiff's Motion for Class Certification is **DENIED**.

This terminates Docket No. 92.

**IT IS SO ORDERED**.

**Date:** May 17, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**